**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2020
_____

UNITED STATES OF AMERICA

v.

TYHEED JEFFERSON,
aka Solo,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-18-cr-00165-001)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 16, 2021

Before:  RESTREPO, MATEY, and SCIRICA, Circuit Judges

(Opinion filed: September 21, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Tyheed Jefferson appeals from the District Court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c)(1). We will affirm the District Court's ruling.

In 2018, Jefferson pleaded guilty in the United States District Court for the District of New Jersey to six counts of possessing a firearm while a felon and one count of possessing methamphetamine with the intent to distribute. The District Court imposed a sentence of 210 months in prison. This Court affirmed the conviction and sentence on appeal. See United States v. Jefferson, 795 F. App'x 133 (3d Cir. 2019). According to the Bureau of Prisons (BOP), Jefferson is expected to be released from prison on November 19, 2032.

In July 2020, Jefferson filed a counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), pursuant to the First Step Act. As described in his motion, Jefferson has been diagnosed with health conditions including cryptococcosis and obesity. He takes immunosuppressants to avoid organ rejection after a kidney transplant. Jefferson argued that these serious health conditions, the COVID-19 pandemic, and the prison's inability to prevent the spread of the virus, constituted extraordinary and compelling reasons for his release. The Government opposed Jefferson's motion.

In September 2020, the District Court denied relief. While recognizing that Jefferson has two CDC-recognized comorbidities that put him at risk of complications if infected with COVID-19, the District Court noted that mitigation efforts implemented by the BOP and by FCI Allenwood Medium, where Jefferson resides, had successfully

addressed and minimized the spread of the virus. Jefferson also failed to show that his medical conditions interfered with self-care (a consideration contained in the policy statement comments in U.S.S.G. § 1B1.13, Application Note 1(A)((ii)). Further, the District Court concluded that the factors under 18 U.S.C. § 3553(a)—including Jefferson's history and characteristics, and the need for the sentence to reflect the seriousness of his offenses, promote respect for the law, provide just punishment, and deter criminal conduct—"weigh[ed] strongly against granting" release. D. Ct. Opinion and Order entered 9/14/20, at 7 (citing 18 U.S.C. §3553(a)(1) and (a)(2)(A)-(B)). The District Court emphasized that, at the time, Jefferson still had nearly 12 years of his 17-year sentence left to serve. See id. at 6-8. Finally, the District Court noted that it could not act on Jefferson's home confinement request because 18 U.S.C. § 3624(c)(2) as amended by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), vests the authority to make such a designation exclusively with the BOP. See id. at 9.[1]

Jefferson, proceeding pro se, filed nearly the same motion for compassionate release in December 2020, but added that FCI-Allenwood was experiencing a COVID-19 outbreak.[2] The Federal Defender's Office supplemented the motion to assert that one of

---

[1] Jefferson took an appeal, but this Court dismissed it pursuant to Federal Rule of Civil Procedure 42(b), at his request. See United States v. Jefferson, C.A. No. 20-3045 (order entered Oct. 9, 2020).

[2] The Government concedes that Jefferson properly exhausted his administrative remedies before filing the motion for compassionate release. See Appellee's Motion for Summary Affirmance and Stay of Briefing Schedule, p. 7 n.4.

the District Court's primary reasons for denying Jefferson's first motion—that the BOP had successfully limited the spread—was effectively undermined by the COVID-19 outbreak at FCI-Allenwood, and that Jefferson had, in fact, contracted COVID-19. In opposition, the Government argued that Jefferson had not raised anything new that would change the District Court's prior result. The Government pointed out that, in addition to being infected and recovering from COVID-19, Jefferson had received two doses of the Moderna vaccine, and accordingly, "his risk of infection, let alone serious consequences from infection, is as low as it can possibly be." Gov't. Opp. (ECF No. 89) at 5. Jefferson countered that there is no guarantee that the vaccine will be effective against new strains of the virus which he remains vulnerable to contracting at the prison.

The District Court agreed with the Government and denied the second motion. See Dist. Ct. Opinion and Order entered 4/28/21, at 3. It concluded that Jefferson had still not demonstrated extraordinary or compelling reasons. Rather, considering that Jefferson had contracted and recovered from COVID-19 and had been vaccinated, "circumstances had shifted to make Jefferson's case for release based on the covid threat much less compelling than it had been initially." Id. at 2. The District Court incorporated its previous analysis of the section 3553 factors and noted that those factors also failed to support release. Id. at 3.

4

Jefferson filed this appeal. The Government filed a motion for summary affirmance, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and to be relieved of filing a brief, see 3d Cir. L.A.R. 31.2.[3]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying Jefferson's second motion for compassionate release for an abuse of decision, and we "will not disturb the District Court's decision 'unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On appeal, Jefferson raises essentially three points. First, he argues that, although the District Court declined to grant relief because he had been vaccinated, there is no guarantee that being vaccinated will protect him from newer strains of the virus. We acknowledge that Jefferson's fears of reinfection are not completely unfounded, considering the multitude of unknowns that the Coronavirus pandemic has unleashed. That said, "[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release,

---

[3] We will not dismiss the appeal on timeliness grounds. See Notice of Appeal (ECF No. 97), dated 5/9/21; cf. Houston v. Lack,487 U.S. 266, 276 (1988) (providing that the effective filing date is the day upon which a prisoner delivers the petition to prison officials for mailing).

especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The District Court did not err by declining to grant relief because Jefferson did not show that he is at a greater risk of infection or that FCI Allenwood places him at a heightened risk. This is particularly true considering the high rates of vaccination among the inmate population and the staff at FCI-Allenwood. See D. Ct. Op. and Order, at 2-3.

Jefferson also argues that the District Court erroneously relied on U.S.S.G. § 1B1.13 and the policy statement found in application note 1(A)(ii), which give guidance as to when extraordinary and compelling reasons exist. We have recently held, in harmony with many other Courts of Appeals, that a district court is not bound by the Sentencing Commission's policy statement to define what is an extraordinary and compelling reason for release. See United States v. Andrews, __ F. 4th ___, 2021 WL 3852617, at *3 (3d Cir. 2021) (collecting cases). At the same time, we also explained in Andrews that it is not error for a district court to consider the policy statement in its "extraordinary and compelling" analysis, even if the policy statement is not ultimately binding on the court. Id. at *4.

In this case, the District Court did not abuse its discretion in concluding that the relevant section 3553(a) factors militated against the second request for release, and this is independently dispositive. In assessing a motion for release under section 3582(c)(1)(A), a district court must consider applicable section 3553(a) factors, including "history and characteristics of the defendant," "the need for the sentence

6

imposed . . . to promote respect for the law," and "deterrence to criminal conduct." See

Pawlowski, 967 F.3d at 330 (quoting 18 U.S.C. § 3553(a)(1) and (2)(A)-(B)). The

District Court concluded that these factors militated "strongly against" Jefferson's

release. See Dist. Ct. Op. and Order entered 9/14/20, at 7. The District Court considered

how Jefferson's sentence reflects the "deliberate" and "serious" nature of his crimes, in

which he led a gun trafficking ring that transported dozens of illegal guns to New Jersey

and sold them to criminals. He involved family members to participate in the scheme

which exacerbated violent crime in New Jersey, all to benefit himself. Id. at 7. The court

also noted that Jefferson has prior convictions for possession of weapons, drug

distribution, and aggravated assault. Importantly, as the District Court noted, Jefferson

still has a substantial portion of his sentence left to serve. Id. at 8. The District Court did

not abuse its discretion in concluding that the section 3553(a) factors weighed heavily

against Jefferson's release.

Finally, Jefferson repeats his request to be released to home confinement. But we

agree with the District Court that it lacked authority to grant Jefferson's request. The

decision to transfer an inmate to home confinement is within the discretion of the BOP,

and is not within the purview of the District Court. See 18 U.S.C. § 3624(c)(2); see also

CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II,

§ 12003(b)(2) ("[T]he Director of the [BOP] may lengthen the maximum amount of time

for which *the Director* is authorized to place a prisoner in home confinement under [§

3624(c)(2)].") (emphasis added).

For these reasons, we grant the Government's motion and will summarily affirm the District Court's order.